[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15029
Non-Argument Calendar

_____

D. C. Docket No. 07-60932-CV-WPD

CHARLES MOGFORD,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,
Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 18, 2008)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Charles Mogford, a Florida prisoner, appeals the dismissal of his petition for a writ of habeas corpus as barred by the one year statute of limitation. 28 U.S.C. § 2254; Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. The district court granted a certificate of appealability to address "whether [Mogford's] motion to mitigate under 3.800(c) of the Florida Rules of Criminal Procedure tolled the one year statute of limitations for his petition of writ of habeas corpus under 28 U.S.C. § 2254, and if so, whether an oral order denying the motion was not sufficient to re-start the period of limitations." We affirm.

We review de novo the dismissal of a petition as barred by the statute of limitation. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The Act provides a one year statute of limitation that begins to run after the latest of four events, which includes "the date on which the judgment became final . . . ." 28 U.S.C. § 2244(d)(1). That period can be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review is pending." Id. § 2244(d)(2). To qualify as an "application for State post-conviction or other collateral review," a pleading must actually seek "review" by making a good faith request for legal relief from the court. Sibley v. Culliver, 377 F.3d

2

1196, 1200–01 (11th Cir. 2004).

Mogford's argument that his post-conviction motion tolled the statute of limitation is foreclosed by our precedent. Mogford moved to reduce his sentence based on assistance he provided to the government, his lack of a violent criminal record, and "sentence manipulation" by the prosecutor. See Fla. R. Crim. P. 3.800(c). Mogford's motion, which was a plea for leniency and was not a challenge to the legality of his sentence, did not toll the limitation period. See Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1297 (11th Cir. 2008). The district court correctly concluded that Mogford's petition is time-barred.

**AFFIRMED.**